# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VALPAK DIRECT MARKETING
SYSTEMS, INC.,

    Plaintiff,

v.                                          CASE NO: 8:06-cv-347-T-26EAJ

ROBERT B. HYDE, II, and MARK HYDE,

    Defendants.
_____/

## O R D E R

Before the Court is Defendants' Renewed Motion to Vacate Consent Preliminary Injunction, affidavits and exhibits (Dkt. 35) and Plaintiff's Memorandum in Opposition, declarations and exhibits. (Dkts. 36 & 37). After careful consideration of the Motion and the applicable law, the Court concludes that the Motion should be denied.

The issue in this case is whether the Court should exercise its broad discretion to grant Defendants relief from a stipulated consent decree. See Blohm v. C.I.R., 994 F.2d 1542, 1553 (11th Cir. 1993) (holding generally that stipulations should not be set aside lightly and citing Morrison v. Genuine Parts Co., 828 F.2d 708 (11th Cir. 1987), cert. denied, 484 U.S. 1065 (1988), which held that trial court did not abuse its discretion by relieving party from erroneous stipulation with respect to amount of actual damages where doubling of such damages would have resulted in "manifest justice"). The Consent

Decree concluded judicial labor only on the injunctive relief requested in the Complaint, not the claim for damages.  Hence, the Consent Decree was not a final judgment in the sense that it terminated all claims, as it adjudicated fewer than all the claims.  See Fed.R.Civ.P. 54(b); Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805 n. 4 (11th Cir. 1993).

On the other hand, a consent decree "has the same force and effect as any other judgment until set aside in the manner provided by law."  United States v. Kellum, 523 F.2d 1284, 1287 (5th Cir. 1975).  In any event, courts have employed a standard of "manifest injustice" or manifest error in fact in resolving both motions for reconsideration and for relief from a final decree.  See, e.g., Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds Inc., 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998) (setting forth standard for justification of reconsideration of order, which includes correction of manifest injustice); Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Fla. 1996) (stating that motion to alter or amend may rely, among other things, on prevention of manifest injustice).

Here, Defendants' counsel mistakenly relied on a statement made by Plaintiff's counsel when the agreement was reached to enter into a consent decree in March 2006. (Dkt. 16).  The Consent Decree, which was signed by both counsel as well as both Defendants, specifically provides that the "injunction shall continue in force and effect *pending trial in this action* or further order of the Court."  (Emphasis added).  The Consent Preliminary Injunction, which was entered by the Court, provides the same

language. (Dkt. 18). Nevertheless, because Plaintiff's counsel told Defendants' counsel that the case was "not about the money," Defendants' counsel believed that this statement meant that the claims for damages would be terminated by the entry of the Consent Decree. Both sides agree that Plaintiff's counsel made this statement in the context of the Defendants' inability to satisfy any judgments entered against them. A review of the e-mails attached to Plaintiff's counsel's affidavit confirms that it was not until after the draft of the Consent Decree for the injunction had been signed that Defendants' counsel asked whether Plaintiff was going to "give up on the rest of the case." (Dkt. 37, Exh. F).

On this record, the Court cannot say that any misrepresentation occurred. With respect to the "mistake" that the Consent Preliminary Injunction resolved the claim for damages, this type of "mistake of fact" cannot be rectified under Rule 60(b)(1). "Rule 60(b)(1) was not intended to relieve a litigant from the consequences of . . . a conscious decision, however unwise the decision may appear in retrospect." Parrilla-Lopez v. United States, 841 F.2d 16, 20 (1st Cir. 1988). Generally, counsels' mistakes, such as failing to read the insertion of the words "with prejudice" in a stipulation for dismissal, are not the type of mistake contemplated by Rule 60. See Citibank v. Data Lease Fin. Corp., 700 F.Supp. 1099, 1102-03 (S.D. Fla. 1988). The Eleventh Circuit, quoting from another circuit, has noted that "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment." Citibank v. Data Lease Fin. Corp., 904 F.2d 1498, 1505 (11th Cir. 1990). Consequently, Defendants' counsel's mistake that "it's not about the money" equated to a promise to not

pursue the damages claim in the Complaint falls within the realm of unforeseen legal consequences for which counsel may not avoid.

That this case involves the request to set aside a consent decree mandates that the Court must proceed with the utmost caution in contemplating undoing a binding agreement between the parties. Even if the Court were to vacate the Consent Preliminary Injunction, the Consent Decree, which was not signed by the Court, would remain in full force and effect. See Citibank, 700 F.Supp. at 1103. Under the undisputed facts as averred by both sides, the Court finds no evidence of misrepresentation on the part of Plaintiff's counsel and no mistake of fact sufficient to warrant the vacatur of the Consent Preliminary Injunction.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Renewed Motion to Vacate Consent Preliminary Injunction (Dkt. 35) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on July 13, 2006.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record